IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Andrew Edward Flyer,<br>Defendant. | CR 05-1049-TUC-FRZ (GEE)<br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate-Judge for consideration of pretrial motions.

Pending before the court is the defendant's motion to dismiss or merge the superceding indictment for multiplicity filed on January 31, 2006. [doc. # 44] The government filed a response. The Magistrate-Judge recommends the motion be granted in part.

**CHARGES:**

In Count 1 of the superceding indictment, Flyer is charged with attempted transportation and shipping of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). Specifically, he is charged with attempted transmission of a computer image entitled "0-KIDDY-PTHC bw 025.jpg" on or about March 9, 2004.

In Count 2, Flyer is charged with attempted transportation and shipping of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). Specifically, he is charged with attempted transmission of a computer image entitled "2 Preteen Boys Fucking In The Bathtub (Gay Kiddy Porn) (3).jpg" on or about March 10, 2004.

In Count 3, Flyer is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The indictment specifically names 8 computer files contained in his Gateway desktop computer on or about April 13, 2004.

In Count 4, Flyer is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The indictment specifically names 21 computer files contained on disks and various storage media on or about April 13, 2004.

In Count 5, Flyer is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The indictment specifically names 6 computer files contained in his Apple laptop computer on or about April 13, 2004.

***Facts*:**

The government alleges the following facts: On or about March 9, 2004, Agent Andrews of the FBI was acting in an undercover capacity on the internet and launched file sharing software "Limewire." She searched the network for someone offering child pornography and discovered an individual with internet protocol address 68.231.131.248 who was offering approximately 11 such items. Andrews downloaded a computer image entitled "0-KIDDY-PTHC bw 025.jpg" from this address. To allow this image to be transmitted, the sender must turn on his computer, run the Limewire software program, and place this file in a special "shared" file folder.

On March 10, 2004, Andrews continued her investigation. She found the individual with internet protocol address 68.231.131.248 was now offering approximately 48 such items. Andrews downloaded a computer image entitled "2 Preteen Boys Fucking In The

Bathtub (Gay Kiddy Porn) (3).jpg" from this address. The two images, "0-KIDDY . . ." and "2 Preteen Boys . . ." were offered on both days.

Agents traced this internet address a house in the Tucson area. On April 13, 2004, agents executed a search warrant and discovered child pornography on a Gateway desktop computer, on an Apple laptop computer and on loose storage media. Flyer admitted he used the internet to download child pornography.

***Discussion:***

"An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005). The fundamental issue is determining how many offenses the defendant has allegedly committed under the statute. *See Bell v. United States*, 349 U.S. 81, 82-83 (1955). This is essentially a question of legislative intent. *Id.*

Counts 1 and 2 charge Flyer with attempted transportation of child pornography. The gravamen of the offense is the transportation. *See United States v. Cipollone*, 951 F.2d 1057, 1058 (9th Cir. 1991) ("[E]ach separate use of the mail to transport or ship child pornography should constitute a separate crime because it is the act of either transporting or shipping that is the central focus of this statute."). Each transportation constitutes a different offense under the statute. *Id.* Here, the attempted transportation allegedly occurred on two separate occasions. Count 1 occurred on March 9, 2004 and involved the image "0-KIDDY-PTHC bw 025.jpg." Count 2 occurred on March 10, 2004 and involved the image "2 Preteen Boys Fucking In The Bathtub (Gay Kiddy Porn) (3).jpg." Flyer allegedly attempted two such transportations constituting two violations of the same statute. The indictment is not multiplicitous. *See United States v. Technic Services, Inc.*, 314 F.3d 1031, 1046 (9th Cir. 2002) ("An indictment is not multiplicitous merely because it charges more than one violation of the same statute based on related conduct; instead, a defendant can be convicted

of multiple violations of the same statute if the conduct underlying each violation involves a separate and distinct act.").

Flyer argues he committed a single offense, not two, because the number of offenses is determined by the number of actions taken by the defendant, and he acted only once (by offering the basket of pornography). The two downloads, he argues, were triggered by the agent; the agent therefore committed two separate acts, not the defendant. Flyer, however, overlooks the actual charge – *attempted* transportation.

The government must prove Flyer intended the transportations to occur and committed an overt act that was a substantial step to the transportation. *See United States* v. *Arbelaez*, 812 F.2d 530, 534 (9th Cir. 1987). If the government can prove Flyer turned on his computer ran the Limewire software on two separate occasions, this would be enough to prove two separate attempts. The government need not prove Flyer triggered the actual transportations. *See also United States v. Garlick*, 240 F.3d 789, 794 (9th Cir. 2001) (Fax transmission of fraudulent offer by the defendant and fax transmission of acceptance by the victim were properly charged as two counts of wire fraud.). The two counts are not multiplicitous.

In Counts 3, 4 and 5, Flyer is charged with violation of 18 U.S.C. § 2252(a)(4)(B) which creates criminal penalties for anyone who "knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer" if the visual depiction constitutes child pornography. The visual medium referenced in Counts 3 is a Gateway computer. *See United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997), *cert. denied*, 523 U.S. 1101 (1998) (The word "matter" refers to a physical medium such as a computer disk or hard drive and not an image file contained on that disk.). In Count 2, the government references various storage media: Disks/CDR/DVDR. In Count 3, the government references an Apple laptop computer.

Counts 3, 4 and 5, however, describe the same offense on the same date – possession of 1 or more physical media that contain child pornography. The terms of the statute indicate the possession of any number of physical media constitutes a single offense. Counts 3, 4, and 5 are multiplicitous. *See United States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995), *cert. denied*, 517 U.S. 1157 (1996).

The government argues *Kimbrough* should be distinguished because in the instant case the defendant is charged with possessing "a visual depiction" and the legislature intended to punish defendants for each depiction, citing *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999). *Snyder*, however, analyzed the language in sections 2252(a)(2) and 2252(3)(B) which prohibit receiving "any visual depiction" of child pornography and possessing with intent to sell "any visual depiction" of child pornography, respectively. Section 2252(a)(4)(B), the section involved here, does not contain the same language. *Snyder*, therefore, is inapposite.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that after an independent review of the record, the District Court **GRANT IN PART** the defendant's motion to dismiss or merge the superceding indictment for multiplicity filed on January 31, 2006. [doc. # 44] Counts 3, 4 and 5 are multiplicitous. The government should be instructed to merge them into one count. *See United States v. Wiehl*, 904 F.Supp. 81, 91 (N.D.N.Y. 1995).

This Report and Recommendation is being faxed to all counsel on this date. Counsel must file any objections within ten (10) days of today's date.

DATED this 30th day of May, 2006.

Glenda E. Edmonds
United States Magistrate Judge