IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 05-1049-TUC-FRZ |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Andrew Edward Flyer, | ) | |
| Defendant. | ) | |

## I. BACKGROUND

This case arises out of a five-count indictment alleging that Defendant possessed child pornography and attempted to ship and transport child pornography in violation of 21 U.S.C. §2252(a)(1), (a)(4)(B), (b)(1), and (b)(2). Pending before the Court are three motions: (1) Defendant's motion to suppress; (2) Defendant's motion to compel discovery; and (3) Defendant's motion to dismiss or merge the indictment for multiplicity. On May 26, 2006, United States Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation which recommended denying Defendant's motion to suppress and motion to compel. Subsequently, on May 30, 2006, Magistrate Judge Edmonds[1] issued a second Report and Recommendation which recommended granting in part and denying in part Defendant's motion to dismiss or merge the indictment for multiplicity. Thereafter, both parties filed timely objections to those portions of the Report and Recommendations which were negative

---

[1] The Court notes that it appears that Magistrate Judge Velasco signed the May 30, 2006 Report and Recommendation on behalf of Magistrate Judge Edmonds.

to their respective positions in this case. As discussed below, the May 26, 2006 Report and Recommendation is adopted, and the May 30, 2006 Report and Recommendation is adopted in part and rejected in part.

## II. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III. DISCUSSION[2]

### A. Defendant's Objections to the May 26, 2006 Report and Recommendation

The May 26, 2006 Report and Recommendation stated that if a party had objections to the Report and Recommendation, objections must be filed with the Court. Furthermore, the controlling statute mandates that a party objecting to a Report and Recommendation must file <u>written</u> objections explaining why the Report and Recommendation is flawed. *See* 28 U.S.C. § 636(b)(1). While Defendant filed a written document that stated that he objected to the Report and Recommendation, that document didn't actually address any specific, substantive objections to the Report and Recommendation. *See* Doc. #57. Rather, the objections simply state:

> Defendant objects to the Report and Recommendation, dated May 26, 2006, filed by Magistrate Judge Edmonds. Defendant requests that District Judge Zapata conduct de novo review and not accept the recommendation of the magistrate judge, but rather grant Defendant's Motion to Suppress and Motion to Compel Discovery and Inspection. Defendant requests oral argument.

*See* Doc. #57. A review of this document shows that Defendant failed to identify any flaws whatsoever in the Report and Recommendation's citation to legal authority, discussion of the pertinent facts, reasoning, and ultimate conclusion that the motion to suppress and motion to compel should be denied. A hearing on Defendant's objections was held on July 31, 2006.

---

[2]As both Report and Recommendations have already discussed the facts and law pertinent to this case, the Court will not repeat that entire discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by the parties.

1  The Court will conduct a de novo review of those objections. A review of the record in this
2  case shows that the Report and Recommendation's analysis and recommendations as to these
3  motions are correct. *See* Report and Recommendation at 2-10.

4  As to the motion to suppress, the Report and Recommendation correctly found that
5  Defendant (an adult child living in his parents' four bedroom house) had no constitutionally
6  protected reasonable expectation of privacy in his bedroom which was within his parents'
7  house. The record shows that Defendant paid no rent, had no separate lock to his bedroom
8  door, had no stove or separate bathroom, and the bedroom was not a distinct and separate
9  living area apart from the rest of his parents' house. *See* Report and Recommendation at 2-6.
10 Furthermore, the passage of approximately only 30 days between the time federal authorities
11 acquired knowledge of Defendant's child pornography and the time they obtained a search
12 warrant did not render the warrant invalid due to staleness. *See id.*

13 As to the Motion to Compel, the Report and Recommendation properly denied
14 Defendant's request to compel the Government to make copies of all the child pornography
15 in its possession to disclose to Defendant's forensic computer expert. *See* Report and
16 Recommendation at 7-10. The Report and Recommendation correctly determined that the
17 Government met its disclosure obligations to reasonably make this material available by
18 offering to make all of the child pornography available on the premises of the U.S. Attorney's
19 Office for examination by Defendant's expert.[3] This arrangement does not cause any undue
20 burden on Defendant as the expert lives in Tucson and her office is within five minutes of
21 the U.S. Attorney's Office in Tucson. *See id.* Accordingly, Defendant's objections are
22 denied and the May 26, 2006 Report and Recommendation is adopted.

---

24  [3]The Court also notes that the Adam Walsh Child Protection and Safety Act of 2006 just
25  added a new section to 18 U.S.C. §3509 (*see* http://thomas.loc.gov) which mandates that child
    pornography in a criminal prosecution shall remain in the possession of the Government and such
26  child pornography may not be copied and disclosed to a defendant; the amendment also states that
    if the Government makes child pornography available for inspection on its premises, such act shall
27  be deemed as making the material reasonably available to Defendant. Nevertheless, the Court need
    not address the applicability of this statute to this case as the Report and Recommendation
28  appropriately resolved the motion to compel on other grounds.

1 **B. Objections to the May 30, 2006 Report and Recommendation**

2 *1. Defendant's Objections*

3 As already discussed above, if a party has objections to a Report and Recommendation, those specific objections must be filed in writing explaining why the Report and Recommendation is flawed. *See* 28 U.S.C. § 636(b)(1). While Defendant filed a written document that stated that he objected to the May 30, 2006 Report and Recommendation, that document did not actually address any specific, substantive objections to the Report and Recommendation. *See* Doc. #57. The objections state:

> Defendant hereby objects to that portion of the Magistrate Judge's Report and Recommendation denying Defendant's Motion to Dismiss or Merge as to Counts One and Two of the Superceding Indictment. Defendant's position is as set forth in his motion. He maintains that the magistrate judge incorrectly decided this issue. Defendant requests a de novo hearing before the district judge.

*See* Doc. #63. This document fails to identify any flaws in the Report and Recommendation's citation to legal authority, discussion of the pertinent facts, reasoning, and ultimate conclusion that Counts 1 and 2 of the Indictment did not have to be merged due to multiplicity. The Report and Recommendation appropriately found that Counts 1 and 2 alleging that Defendant attempted to ship and transport child pornography did not have to be dismissed or merged. Counts 1 and 2 arise from separate acts of Defendant on two separate dates whereby he took affirmative steps to make his collection of child pornography available to others. *See*, *e.g.*, Report and Recommendation at 2-4; *United States v. Cipollone*, 951 F.2d 1057, 1058 (9th Cir. 1991)("[E]ach separate use of the mail to transport or ship child pornography should constitute a separate crime because it is the act of either transporting or shipping that is the central focus of this statute."). The Court, having conducted a de novo review of Defendant's objections, finds that Defendant's objections are denied and the Report and Recommendation is adopted as to the recommendation as to Counts 1 and 2.

*2. The Government's Objections*

The Government objects to the Report and Recommendation's recommendation that Counts 3, 4, and 5 be merged as they are multiplicitous. *See* Report and Recommendation

at 4-5. The Court agrees with the Government's objections. As to this issue, the Report and Recommendation states in relevant part:

> In Count 3, Flyer is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The indictment specifically names 8 computer files contained in his Gateway desktop computer on or about April 13, 2004.
> In Count 4, Flyer is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The indictment specifically names 21 computer files contained on disks and various storage media on or about April 13, 2004.
> In Count 5, Flyer is charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The indictment specifically names 6 computer files contained in his Apple laptop computer on or about April 13, 2004.
> *
> The government alleges the following facts: On or about March 9, 2004, Agent Andrews of the FBI was acting in an undercover capacity on the internet and launched file sharing software "Limewire." She searched the network for someone offering child pornography and discovered an individual with internet protocol address 68.231.131.248 who was offering approximately 11 such items. Andrews downloaded a computer image entitled "0-KIDDY-PTHC bw 025.jpg" from this address. To allow this image to be transmitted, the sender must turn on his computer, run the Limewire software program, and place this file in a special "shared" file folder.
> On March 10, 2004, Andrews continued her investigation. She found the individual with internet protocol address 68.231.131.248 was now offering approximately 48 such items. Andrews downloaded a computer image entitled "2 Preteen Boys Fucking In The Bathtub (Gay Kiddy Porn) (3).jpg" from this address. The two images, "0-KIDDY . . ." and "2 Preteen Boys . . .," were offered on both days.
> Agents traced this internet address to a house in the Tucson area. On April 13, 2004, agents executed a search warrant and discovered child pornography on a Gateway desktop computer, on an Apple laptop computer and on loose storage media. Flyer admitted he used the internet to download child pornography.
> *
> "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005). The fundamental issue is determining how many offenses the defendant has allegedly committed under the statute. *See Bell v. United States*, 349 U.S. 81, 82-83 (1955). This is essentially a question of legislative intent. *Id.*
> *
> In Counts 3, 4 and 5, Flyer is charged with violation of 18 U.S.C. § 2252(a)(4)(B) which creates criminal penalties for anyone who "knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer" if the visual depiction constitutes child pornography. The visual medium referenced in Count 3 is a Gateway computer. *See United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997), *cert. denied*, 523 U.S. 1101 (1998) (The word "matter" refers to a physical medium such as a computer disk or hard drive and not an image file contained on that disk.). In Count 2, the government references various storage media: Disks/CDR/DVDR. In Count 3, the government references an Apple laptop computer.
> Counts 3, 4 and 5, however, describe the same offense on the same date – possession of 1 or more physical media that contain child pornography. **The terms of the statute indicate the possession of any number of physical media constitutes a**

**single offense. Counts 3, 4, and 5 are multiplicitous.** *See United States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995), *cert. denied*, 517 U.S. 1157 (1996).

The government argues *Kimbrough* should be distinguished because in the instant case the defendant is charged with possessing "a visual depiction" and the legislature intended to punish defendants for each depiction, citing *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999). *Snyder*, however, analyzed the language in sections 2252(a)(2) and 2252(3)(B) which prohibit receiving "any visual depiction" of child pornography and possessing with intent to sell "any visual depiction" of child pornography, respectively. Section 2252(a)(4)(B), the section involved here, does not contain the same language. *Snyder*, therefore, is inapposite.

*See* Report and Recommendation at 2-5 (emphasis added).

The Government initially argues that the way it has charged Counts 3, 4, and 5 is consistent with Ninth Circuit authority as reflected in the *Lacy* case. The Court agrees. In *Lacy*, the court reasoned that the term "matter" in §2252(a)(4)(B)[4] means the "physical medium that contains the visual depiction [of child pornography]-in this case, the hard drive of Lacy's computer and the disks found in his apartment." *U.S. v. Lacy*, 119 F.3d 742, 748 (9th Cir. 1997); Government's Objections at 3-5. Here, consistent with *Lacy*, Counts 3 (desktop computer), 4 (loose storage media), and 5 (laptop computer) are appropriately charged as separate counts as they are based on the three separate and distinct physical media containing visual images of child pornography found in Defendant's possession and control. *See id.* As such, charging these violations separately is logical, it will avoid jury confusion, and will foster a simpler sentencing hearing as Counts 3, 4, and 5 are separated based on the three distinct physical media containing the child pornography. Proceeding in this manner will allow the jury and the Court to separately analyze the elements and defenses as to each medium forming the basis of the separate counts. *See* Government's Objections at 10-11.

The Government also argues that the Report and Recommendation's interpretation of the plain language of the statute and reliance on *Kimbrough* and analysis of *Snyder* in interpreting the intent of the statute to only allow a maximum of one count of possession under §2252(a)(4)(B) was misplaced. See Government's Objections at 5-9. The Court

---

[4] This provision provides criminal liability for anyone who "knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, <u>or other matter</u> which contain any visual depiction" of child pornography.

1 agrees. As a threshold matter, as the Government correctly argues, the common usage of
2 the phrase "1 or more" can not reasonably be interpreted to only allow a maximum of one
3 count of possession, regardless of the number of visual depictions of child pornography a
4 defendant may have on various forms of physical media. Thus, if the Report and
5 Recommendation's interpretation of the intent of the statute was accepted, an individual that
6 has one physical photograph of child pornography and an individual that has 10 separate
7 media (i.e. various desk top computers, laptop computers, CD-Roms, websites, etc.)
8 containing millions of depictions of child pornography would always have to be charged with
9 a maximum of one count of possession under §2252(a)(4)(B) and be subject to the same
10 maximum statutory sentence. This is not logical or consistent with the language of the
11 statute and the legislative history of the statute.

12 The Government argues that the term "1 or more" simply means "any" under the common
13 usage of that term. This argument is supported by the common definition of these terms; for
14 example, the Merriam-Webster Dictionary defines "any" as including "one, some, or all
15 indiscriminately of whatever quantity: a: one or more - - used to indicate an undetermined
16 number or amount." *See* Merriam-Webster Online Dictionary (2006), http://www.merriam-
17 webster.com. Further, the legislative history leading to the 1998 amendment of
18 §2252(a)(4)(B) supports the conclusion that Congress intended to punish "any" possession
19 of child pornography. *See United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999)(courts
20 are guided by legislative intent in determining whether a course of conduct constitutes one
21 or more crimes). Prior to 1998, the statute only criminalized the possession of "three or
22 more" visual depictions of child pornography. *See United States v. Kimbrough*, 69 F.3d 723,
23 730 (5th Cir. 1995). However, pursuant to the 1998 amendment, Congress eliminated this
24 "three or more" provision, and added "one or more"; thus, the amendment now criminalized
25 the possession of "one or more" visual depictions of child pornography as it intended to
26 punish any possession of child pornography. *See*, *e.g.*, §2252(a)(4)(B); 1998 Protection of
27 Children from Sexual Predators Act of 1998; 144 Cong. Rec. H4491-03, H4503
28 (1998)(comments of Rep. Jackson Lee)("I support this amendment, which makes it clear that

1 the possession of any amount of child pornography is a crime. There is simply no legitimate
2 reason for anyone to possess any amount of child pornography, and that is what this
3 amendment says."); *Id.* (comments of Rep. Riley)("Let us also say that any item of child
4 pornography, one item, is the ultimate example and evidence of the ultimate child abuse . .
5 . [we] have zero tolerance for this perversion."); 144 Cong. Rec. S12257-01, S12262
6 (1998)(comments of Sen. Hatch)("By prohibiting . . . possession of even one item or image
7 containing child pornography, we are stating in no uncertain terms that we have zero
8 tolerance for the sexual exploitation of children.").

9 Thus, in light of the plain language and legislative history regarding the 1998 amendment,
10 it appears that Congress intended to punish "any" possession of child pornography and that
11 there was no intent to limit any and all possession of child pornography to a maximum of one
12 count under §2252(a)(4)(B). Moreover, in light of this Congressional intent and subsequent
13 amendment, the Report and Recommendation's reliance on the *Kimbrough* case for the
14 proposition that the statute was intended to allow only a maximum of one count of possession
15 is misplaced. *See* Report and Recommendation at 5. While the 1995 *Kimbrough* case did
16 find that §2252(a)(4)(B) only permitted one count of possession and therefore found that the
17 multiple counts for possession of child pornography were multiplicitous, this finding
18 stemmed from the old version of the statute which only punished the possession of "3 or
19 more" child pornography images. *See Kimbrough*, 69 F.3d at 730. This "3 or more "
20 language was the focus of the *Kimbrough* decision as it reasoned: "We must defer to the
21 legislature's determination of whether a specific course of conduct constitutes one or more
22 separate crimes . . . In construing this statute, we look first to the plain language chosen by
23 Congress . . . In this case, the plain language of the statute's requirement that a defendant
24 possess 'three or more' items indicates that the legislature did not intend for this statute to be
25 used to charge multiple offenses." *Id.* Further, the court explained that this "three or more"
26 language is the only language that distinguishes the offense of possession of child
27 pornography under §2252(a)(4)(B) from the offenses of receiving or distributing child
28 pornography under §2252(a)(1) & (a)(2) which punish transporting, shipping, receiving or

distributing "any visual depiction" of child pornography. *Id.* at 730 n. 6. As this "three or more" language has now been stricken and replaced with "one or more" which essentially means "any" pursuant to the common definition of that term and Congressional intent as discussed above, the underpinnings of the *Kimbrough* have been eroded.

In light of the foregoing, the Report and Recommendation's rejection of the applicability of the *Snyder* case is also misplaced. *See* Report and Recommendation at 5; *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999). The Report and Recommendation reasoned that because *Snyder* "analyzed the language in section 2252(a)(2) . . . which prohibit[s] receiving 'any visual depiction' of child pornography . . . [and] Section 2252(a)(4)(B), the section involved here, does not contain the same language. *Snyder*, therefore, is inapposite." *See* Report and Recommendation at 5. However, as the amended language of "one or more" visual depictions should be viewed as "any" as discussed above, the *Snyder* case is persuasive. In *Snyder*, the court rejected the defendant's multiplicity argument which sought to dismiss portions of the indictment because the Government charged the Defendant with multiple counts of violating §2252(a)(2) which prohibits receiving or distributing "any visual depiction" of child pornography. In rejecting this attack, the court distinguished *Kimbrough* and reasoned: "[W]hile §2252(a)(4)(B) which was at issue in *Kimbrough,* prohibits the possession of three or more items . . . §2252(a)(2) . . . prohibit[s] the receipt [or] distribution . . . of "any visual depiction," suggesting that the legislature intended to punish defendants for each depiction. *See United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir. 1993)(holding that the language "any transaction" suggests a legislative intent to punish individual transactions)."

Lastly, the Government has stated that it will not seek a sentence in excess of 10 years (i.e., the maximum authorized under the statue for a single violation) even if Defendant is found guilty on all three counts; thus, the Defendant will not suffer any real prejudice from charging these Counts separately. *See* Government's Objections at 9, footnote 1. In addition, if the case proceeds to trial, the Court could give an instruction that each count charges a separate offense that must be considered separately from the other counts which would

- 9 -

further obviate any prejudice. *See id*; *U.S. v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003)(conviction cannot be reversed on indictment defect grounds absent a showing of prejudice).

In light of the foregoing considerations, the Court rejects the Report and Recommendation's recommendation as to multiplicity regarding Counts 3, 4, and 5, and finds that the Government appropriately charged those counts in the superceding indictment.

**C. Remaining Issues**

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Edmonds' recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The May 26, 2006 Report and Recommendation (Doc. #56) is **adopted**;

(2) The May 30, 2006 Report and Recommendation (Doc. #58) is **adopted in part and rejected in part**;

(3) Defendant's motion to compel discovery and inspection (Doc. #27), motion to suppress (Doc. #35), and motion to dismiss or merge counts 1-5 (Doc. #44) are **denied**.

DATED this 7th day of September, 2006.

FRANK R. ZAPATA
United States District Judge